UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIC WAHRSAGER,

      Plaintiff,

           **MEMORANDUM & ORDER**

   -against-         **11 CV 637 (DRH)(ARL)**

NMP HOLDINGS CORP., a/k/a NEW YORK
MERCHANTS PROTECTIVE CO., INC., and
RONALD J. FRIEDMAN, as RECEIVER,

      Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Scott Michael Mishkin PC**
Attorneys for Plaintiff
One Suffolk Square Suite 240
Islandia, New York, 11740

**SilvermanAcampora LLP**
Attorneys for defendants
100 Jericho Quadrangle, Suite 300
Jericho, NY, 11753
By: Robert J. Ansell

**HURLEY, Senior District Judge:**

   Plaintiff brings this action alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), and New York Labor Law ("NYLL") §§ 190 *et. seq.*, by defendants for allegedly failing to pay plaintiff's earned wages. Plaintiff also brings a state law claim for unjust enrichment. Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is granted in part, and denied in part.

## BACKGROUND

The following factual allegations are taken from the complaint and presumed true for the purposes of this motion.

This dispute arises from defendants' alleged refusal to pay plaintiff wages he purportedly earned while employed by New York Merchants Protective Co., Inc. ("NYMP"), a company currently in receivership. On December 30, 2010, plaintiff resigned from NYMP, at which time the company owed him "accrued wages" in the amount of $202,233.80. (Compl. ¶¶ 9, 12.) On January 19, 2011, defendant Ronald J. Friedman ("Friedman") was appointed Receiver of NYMP by this Court in a separate case bearing docket number 11-cv-38. (Civil Case 11-cv-38, docket entry 11; compl. ¶ 14). Among Friedman's alleged duties as Receiver is the payment of all "reasonable and necessary expenses of operating NYMP's business, including but not limited to the payment of wages." (Compl. ¶ 16). Plaintiff alleges that he has made more than one demand for payment from Friedman since his appointment as Receiver, but his requests have been refused. (Compl. ¶¶ 9-10, 13.)

## DISCUSSION

### I. STANDARD OF REVIEW

#### a. *Motion To Dismiss Pursuant to 12(b)(6)*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 561. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court provided further guidance, setting a two-pronged approach for courts considering a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - that the pleader is entitled to relief." *Id*. at 1950.

## II.     LEAVE TO SUE UNDER 28 U.S.C. § 959(a)

Defendants first argue that plaintiff's claims against Friedman should be summarily dismissed because plaintiff failed to seek leave from this Court before bringing suit. Generally, a party may not bring an action against a receiver unless prior leave is obtained from the appointing court. This is known as the "Barton" rule. *See Barton v. Barbour*, 104 U.S. 126, 127 (1881). However, Congress has enacted an exception to this rule, codified at 28 U.S.C. § 959(a), which states that "[t]rustees, receivers or managers of any property . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." 28 U.S.C. § 959(a). Therefore, the question that necessarily arises here is whether the payment of wages by the Receiver constitutes an "act[] or transaction[] in carrying on [NYMP's] business." *See id.*

Circuit courts outside the Second Circuit have interpreted the subject phrase in recent years to mean "acts or transactions in conducting the debtor's business in the ordinary sense of the word or in pursuing that business as an operating enterprise." *Medical Dev. Int'l v. Cal. Dep't of Corr. & Rehab*, 585 F.3d 1211, 1217-18 (9th Cir. 2009)(citing *In re Crown Vantage, Inc.*, 421 F.3d 963, 971 (9th Cir. 2005) and *Muratore v. Darr*, 375 F.3d 140, 144 (1st Cir. 2004)); *see also Nat'l Bus. Consultants Inc. v. Lightfoot*, 292 Fed. Appx. 298, 300 (5th Cir. 2008)(Summary Order). This Circuit has given the exception relatively little treatment over the years, however, its interpretation of 959(a)'s predecessor statute[1] distinguished the act of carrying on a business from merely collecting and liquidating assets. *Vass v. Conron Bros.*, 59 F.2d 969 (2d Cir. 1932). There, Judge Learned Hand remarked that "merely to hold matters in statu quo; to mark time, as it were; to do only what is necessary to hold the assets intact; such activities do not seem to us to be a continuance of the business." *Id.* at 971; *accord Austrian v. Williams*, 216 F.2d 278, 285 (2d Cir.1954). Consistent with such a distinction, the exception has been recognized by other courts, for example, where a trustee continued the business of a debtor in operating a railroad and was sued for damages for use of another's tracks, *Thompson v. Texas Mexican Ry. Co.*, 328 U.S. 134, 138 (1946), or where a Receiver did not adequately maintain the receivership property to ensure protection against lead poisoning, *Valdez ex rel. Alvino v. MGS Realty & Mgmt. Corp.*, No. 96-Civ.-5122, 2000 U.S. Dist. LEXIS 5569 (S.D.N.Y. April 26, 2000).

The Receivership here can fairly be described generally as "pursuing [NYMP's] business as an operating enterprise." *Medical Dev. Int'l*, 585 F.3d at1217-18. However, the "act or

---

[1] Prior to 1948, § 959(a) was codified as 28 U.S.C. § 125, which read: "Every manager or receiver of any property appointed by any court of the United States may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed."

transaction" involved is not related to the Receiver's operation of that ongoing enterprise. This is a claim for unpaid wages for work performed before the Receiver was appointed by this Court; it therefore does not implicate the Receiver. Plaintiff's claim essentially seeks the payment of a past debt from his former employer, NYMP, not a claim regarding the Receiver's operation of the business. Plaintiff was therefore required to seek leave to bring this action against the Receiver.

This result is consistent with the general rule that an equity receiver is not responsible for contracts entered into by the defendant prior to the receiver's appointment, unless the receiver later affirmatively ratifies that contract. *See* Ralph Ewing Clark, A Treatise on the Law and Practice of Receivers § 561.1(3d ed. 1992) (citing *United States v. Illinois Surety Co.*, 238 F. 840, 841 (D.N.C. 1917). Furthermore, as defendants point out in their brief, the Order of Appointment states that the "Receiver shall not be liable for any debts or liabilities of Defendants incurred *prior* to or after his appointment as receiver." (See docket 11-cv-38, document 11 (emphasis added).) The claims against the Receiver are therefore dismissed. The claims against the corporate defendants may, however, proceed as set forth below.

### III. FAIR LABOR STANDARDS ACT

Defendants move to dismiss plaintiff's federal claims by arguing that plaintiff was employed as an "executive" during his period of his employment with NYMP. The FLSA exempts claims brought under the provision cited by plaintiff in his Compliant, *viz.*, 29 U.S.C.

§§ 207(a)(1),[2] for those "employed in a bona fide executive, administrative, or professional capacity. . . ," 29 U.S.C. § 213(a)(1).

For purposes of the FLSA, an employee is classified as an "executive" under the relevant administrative regulations if "1) they are compensated on a salary basis; 2) their primary duty is management of the enterprise…or of a customarily recognized department or sub-division thereof; 3) they customarily and regularly direct the work of two or more other employees; and 4) they have the authority to hire or fire other employees or if their suggestions and recommendations on personnel decisions are given particular weight." *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010)(quoting 29 C.F.R. 541.100(a))(internal quotes and alterations omitted). Further, "to determine whether an employee's 'primary duty' is management, a court must analyze 'all the facts in a particular case,' looking to the 'principal, main, major or most important duty that the employee performs." *Id.* (citing 29 C.F.R. 541.700(a)).

In furtherance of their assertion that plaintiff qualified as an "executive" under the FLSA, defendants attach to their motion a copy of a mechanics lien wherein the signature block identifies plaintiff as "Vice President" of NYMP. (Mechanics Lien, attached to the Declaration of Robert Ansell ("Ansell Decl.") as Exhibit C.) To the extent that the Court may even take judicial notice of such a document, a particular title or position alone does provide for the level of inquiry required to determine whether one is exempt under the FLSA as set forth above. Further, defendants' counsels' statements in his affidavit that plaintiff was paid a base salary

---

[2] The Complaint also refers to 29 U.S.C. § 215(a). Although the pleading does not specify the specific subsection, the Court assumes plaintiff refers to the anti-retaliatory provision at §215(a)(3). To the extent that plaintiff intends by this reference to bring a claim of retaliation under the FLSA, this cause of action fails, as the Complaint provides no factual support for such retaliation.

and managed other employees are unavailable for consideration at the pleading stage. (*See* Ansell Decl. ¶¶ 7-10.)

Defendants do not offer any further reason why the FLSA claims should be dismissed at this stage. The Court similarly finds none, although it recognizes that plaintiff's employment status vis-à-vis the FLSA presumably will be revisited subsequently in a summary judgment context.

**IV.     NEW YORK LABOR LAW**

Defendants first move to dismiss plaintiff's NYLL claim on the grounds that the Complaint only alleges a violation of NYLL §§ 190 *et. seq.,* but does not specify the particular provisions of the NYLL that apply. (Ds' Mot. at 9.)  Although, defendants' insist that a more specific citation is required by the pleading standards set forth in *Twombly*, 550 U.S. 544,  (*see* Ds' Mot. at 9), they cite no authority for this particular assertion, and the Court disagrees that the pleading burden necessarily calls for such specific citations.

Defendants further argue that plaintiff has generally not pled a sufficient factual basis to claim protection under NYLL.  Although the allegations in the Complaint are hardly robust, plaintiff has set forth the minimum facts necessary to make a plausible claim for relief, *viz.*, that he was an employee of NYMP covered under the statute, and that he is due a specific amount of unpaid wages from the company as compensation for his work.  Whether the moneys sought may fairly be characterized as wages or commissions encompassed by the statute, or whether

plaintiff is also exempt under NYLL,[3] is a determination to be made at a later stage of litifation after the benefit of discovery. *See Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996)(a plaintiff need not plead facts showing the absence of a defense).

## CONCLUSION

For the above reasons, defendants' motion to dismiss the complaint is granted in part and denied in part. All claims against defendant Friedman are dismissed; claims against the corporate defendants may proceed.

SO ORDERED.

Dated: Central Islip, N.Y.
      March 31, 2012                                                                                  /s
                                                                                             Denis R. Hurley
                                                                                             United States District Judge

---

[3] See discussion above regarding whether plaintiff is exempt under the FLSA. As the corresponding portion of NYLL is materially similar, the Court evaluates exemption using the same analysis for both statutes. *See, e.g., Whalen v. J.P. Morgan Chase & Co.*, 569 F. Supp. 2d 327, 330 n. 2 (W.D.N.Y. 2008).